Robert S. Green (SBN 136183)
**GREEN & NOBLIN, P.C.**
595 Market Street, Suite 2750
San Francisco, CA  94105
Tel.: (415) 477-6700
Fax: (415) 477-6710
Email: cand.uscourts@classcounsel.com

*Attorneys for Plaintiff Thomas J. Primo*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| THOMAS J. PRIMO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BIOSCIENCES OF CALIFORNIA, INC., HUGH C. MARTIN, SUSAN K. BARNES, and BRIAN B. DOW,<br><br>Defendants. | Case No. 11-cv-6599-CW<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL** |

Upon good cause shown, IT IS HEREBY ORDERED THAT:

**Master Docket and Master File**

A Master File is hereby established for the proceedings in the Action.  The docket number for the Master File shall be Master File No.: 11-cv-6599-CW . The original of this Order shall be filed by the Clerk in the Master File.

A Master Docket is hereby established for proceedings of the securities fraud action herein and for any related securities fraud actions filed in or transferred to this Court and consolidated herewith for all purposes (hereinafter, the "Consolidated Action").  Entries in the Master Docket shall be applicable to the Action as more fully set forth below.  The Clerk of

[PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVING
SELECTION OF COUNSEL                                                                                                            - 1 -

1  the Court shall file all pleadings in any of the actions in the Master File and shall note such
2  filing in the Master Docket.  No further copies need be filed or docket entries made.
3        The terms of this Order shall not have the effect of making any person, firm or
4  corporation a party to any action in which he, she or it has not been named, served or added as
5  such in accordance with the Federal Rules of Civil Procedure.
6  **Newly Filed or Subsequently Filed or Transferred Actions**
7        If a securities fraud action related to the same subject matters as this Action is
8  hereafter filed in this Court or transferred here from another Court, the Clerk of this Court
9  shall:
10     1.    File a copy of this Order in the separate file for such action;
11     2.    Notify all counsel of record of the filing or transfer of such action;
12     3.    Make an appropriate entry in the Master Docket;
13     4.    Mail to counsel of record in the newly filed or transferred case a copy
14         of this Order; and
15     5.    Upon the first appearance of any new defendants, mail to the attorneys
16         for the defendants in such newly filed or transferred case a copy of this
17         Order.
18       All counsel shall assist the Clerk of the Court by calling to the attention of the Clerk
19 the filing or transfer of any case that might properly be consolidated with this Action.
20       This Order shall apply to each securities fraud action that is subsequently filed in or
21 transferred to this Court that arises out of or is related to the same facts and claims alleged in
22 the complaints in the Action, unless a party objecting to the consolidation of such case or to
23 any other provision of this Order shall, within ten (10) days after the date upon which a copy
24 of this Order is mailed to counsel for such party, file an application for relief from this Order
25 or any provision herein and this Court deems it appropriate to grant the application.  The
26 provisions of this Order shall apply to such action pending the Court's ruling on the
27 application.
28 /////

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to utilize a separate complaint, defendants shall not be required to answer, plead, or otherwise move with respect to the complaint in any such case.  If a plaintiff in any such case is permitted to utilize a separate complaint, each defendant shall have thirty (30) days within which to answer, plead, or otherwise move with respect to any such complaint.

**Appointment of Lead Plaintiffs**

Plaintiff Thomas J. Primo is hereby appointed lead plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934.  This appointment is without prejudice to defendants' right to challenge the adequacy, typicality, or ability of lead plaintiff to represent the absent class members in this Action or the propriety of this case being certified as a class action.

**Organization of Plaintiff's Counsel**

Lead plaintiff's selection of Rigrodsky & Long, P.A. as lead counsel ("Lead Counsel") and Green & Noblin, P.C. as liaison counsel ("Liaison Counsel") for all plaintiffs and the Class in this Action is approved.

Lead Counsel are hereby vested by the Court with the following responsibilities and duties in connection with this Action:

1. To direct and coordinate the briefing and arguing of motions;
2. To direct and coordinate the initiation and conduct of discovery proceedings, including, but not limited to, requests for production of documents and/or third party subpoenas;
3. To direct and coordinate the examination of witnesses in depositions and oral interrogatories;
4. To act as spokesperson at pretrial conferences;
5. To call meetings of plaintiffs' counsel as appropriate or necessary from time to time;

/////

/////

1        6.      To direct the preparation for a trial of this matter and to delegate work
2  responsibilities to selected counsel as may be required in such a manner as to lead to the
3  orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive
4  effort;
5        7.      To direct and coordinate the conduct of pre-trial, trial and post-trial
6  proceedings;
7        8.      To consult with and employ experts;
8        9.      To coordinate and collect monthly time and expense reports from all
9  plaintiffs' attorneys in this Action;
10       10.      To initiate and conduct all settlement negotiations with counsel for
11 defendants; and
12       11.      To perform such other duties as may be expressly authorized by further
13 order of the Court.
14       No motion, request for discovery, or other pre-trial proceedings shall be initiated or
15 filed by any plaintiff except through Lead Counsel and Liaison Counsel.
16       Defendants' counsel may rely upon all agreements made with Lead Counsel, and such
17 agreements shall be binding on all plaintiffs in this Action.
18       Lead Counsel are hereby designated as the counsel for plaintiffs upon whom all
19 notices, orders, pleadings, motions, discovery, and memoranda may be served and defendants
20 shall effect service of papers on plaintiffs by serving Rigrodsky & Long, P.A., 825 East Gate
21 Boulevard, Suite 300, Garden City, NY 11530.
22       If defendants file a single pleading or other paper directed to all plaintiffs in this
23 Action, the response on behalf of plaintiffs shall be made in a single pleading or other paper to
24 be served by Lead Counsel.  All plaintiffs in this Action shall be bound by that pleading or
25 paper.
26       The organizational structure established by this Order shall bind counsel for plaintiffs
27 in this Action or any subsequently filed cases consolidated therewith.
28 /////

[PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVING
SELECTION OF COUNSEL    - 4 -

1    Plaintiff, through Lead Counsel, shall file an amended class action complaint (the
2    "Amended Complaint") within seven days of the entry of this Order.
3    Defendants shall answer or otherwise respond to the Amended Complaint within
4    fourteen days after its service.
5    SO ORDERED, this 6th day of _____April_____, 2012

                                                    _____
                                                    Claudia Wilken
                                                    United States District Judge

[PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVING
SELECTION OF COUNSEL                                                      - 5 -