IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS J. PRIMO; and EVAN POWELL,
individually and on behalf of all
others similarly situated,

        Plaintiffs,

   v.

PACIFIC BIOSCIENCES OF
CALIFORNIA, INC.; HUGH C. MARTIN;
SUSAN K. BARNES; BRIAN B. DOW;
WILLIAM ERICSON; BROOK BYERS;
MICHAEL HUNKAPILLER; RANDALL
LIVINGSTON; SUSAN SIEGEL; DAVID
SINGER; J.P. MORGAN SECURITIES
LLC; MORGAN STANLEY & CO., INC.;
DEUTSCHE BANK SECURITIES, INC.;
and PIPER JAFFRAY & CO.,

        Defendants.

No. C 11-6599 CW

ORDER DENYING
DEFENDANTS' MOTION
TO STAY (Docket
No. 73) AND
DENYING
PLAINTIFF'S CROSS-
MOTIONS TO ENJOIN
STATE COURT
PROCEEDINGS AND
LIFT THE PSLRA
DISCOVERY STAY
(Docket No. 80)

     Defendants Pacific Biosciences of California, Inc. (PacBio);

Hugh C. Martin, Susan K. Barnes, Brian B. Dow, William Ericson,

Brook Byers, Michael Hunkapiller, Randall Livingston, Susan Siegel

and David Singer (collectively, the PacBio Defendants); and J.P.

Morgan Securities LLC, Morgan Stanley & Co., Deutsche Bank

Securities Inc., Piper Jaffray & Co. (collectively, the

Underwriter Defendants) move for a temporary stay of this action

pending the final approval of a settlement in state court which,

if approved, will extinguish the class claims in this case in

their entirety.  Lead Plaintiff Thomas J. Primo and Plaintiff Evan

Powell (collectively, Plaintiffs) oppose the motion to stay and

cross-move to enjoin the state court proceedings and to lift

partially the Private Securities Litigation Reform Act of 1995

1  (PSLRA) discovery stay.  See 15 U.S.C. § 78u-4(b)(3)(B).

2  Defendants oppose the cross-motions.  Having considered the

3  parties' papers and the entire record in this case, the Court

4  DENIES Defendants' motions to stay (Docket No. 73) and DENIES

5  Plaintiffs' cross-motions to enjoin the state court litigation and

6  lift the PSLRA discovery stay (Docket No. 80).

7                           BACKGROUND

8  I.   Federal Action

9       Plaintiffs bring this putative class action suit against

10 PacBio, nine of its officers and directors and four underwriting

11 firms, on behalf of themselves and all persons or entities that

12 purchased PacBio common stock between October 27, 2010, the day of

13 PacBio's initial public offering (IPO), and September 20, 2011.

14 Plaintiffs allege that the offering materials filed in connection

15 with PacBio's IPO contained false and materially misleading

16 statements in violation of federal securities laws: sections 10(b)

17 and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a));

18 Rule 10b-5 promulgated under section 10(b), 17 C.F.R. § 240.10b 5;

19 and sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15

20 U.S.C. §§ 77k, 77l(a)(2) and 77o).  Second Amended Complaint(2AC)

21 at ¶ 9.  On April 26, 2012, the Court granted Plaintiff Primo's

22 motion to be appointed as Lead Plaintiff.  Docket No. 18.  On

23 April 15, 2013, the Court granted Defendants' motion to dismiss

24 Plaintiffs' First Amended Complaint and granted Plaintiffs leave

25 to amend their complaint within sixty days.  Docket No. 72.  On

26 June 13, 2013, one day before Plaintiffs' 2AC was due, Defendants

27 filed the instant motion for a temporary stay and the parties

28 stipulated that Defendants' response to the 2AC would not be due

United States District Court
For the Northern District of California

1  until thirty days after any denial of the motion to stay.

2  Defendants' motion to stay is based on the preliminary approval of

3  an earlier-filed state court action discussed below.  Plaintiffs

4  filed their 2AC on June 14 and, on July 18, Plaintiffs filed an

5  opposition to Defendants' motion to stay and filed their cross-

6  motions to enjoin the state court proceedings and partially lift

7  the PSLRA discovery stay.

8  II.  State Action

9      Three state court putative class actions making similar

10  allegations have been filed against Defendants.  Those cases have

11  been consolidated into a single case alleging violations of

12  sections 11, 12(a)(2) and 15 of the Securities Act.  In re Pacific

13  Biosciences of California, Inc. Securities Litigation, San Mateo

14  County Superior Court, Case No. CIV509210.  On June 3, 2013, the

15  state court entered an order preliminarily approving a settlement

16  and setting a final approval hearing for October 25, 2013.  The

17  parties do not dispute that approval of the settlement as proposed

18  would "extinguish all claims in this litigation, including

19  Plaintiffs' Exchange Act claims."  Plaintiffs' Opposition and

20  Cross-Motion at 4.

21                        LEGAL STANDARD

22      It is well-established that "the power to stay proceedings is

23  incidental to the power inherent in every court to control the

24  disposition of the causes on its docket with economy of time and

25  effort for itself, for counsel, and for litigants."  Landis v.

26  North Am. Co., 299 U.S. 248, 254 (1936); see also Ethicon, Inc. v.

27  Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have

28

United States District Court
For the Northern District of California

1    inherent power to manage their dockets and stay proceedings.")  As

2    the Ninth Circuit instructs,

3        A trial court may, with propriety, find it is efficient
         for its own docket and the fairest course for the
4        parties to enter a stay of an action before it, pending
         resolution of independent proceedings which bear upon
5        the case.  This rule applies whether the separate
         proceedings are judicial, administrative, or arbitral in
6        character, and does not require that the issues in such
         proceedings are necessarily controlling of the action
7        before the court.

8    Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-

9    64 (9th Cir. 1979).

10        In determining whether to grant a stay, courts generally

11   consider the following competing interests: "the possible damage

12   which may result from the granting of a stay, the hardship or

13   inequity which a party may suffer in being required to go forward,

14   and the orderly course of justice measured in terms of the

15   simplifying or complicating of issues, proof, and questions of law

16   which could be expected to result from a stay."  Lockyer v. Mirant

17   Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted).

18                              DISCUSSION

19   I.   Motion to Stay

20        Defendants argue that the Court should temporarily stay this

21   action until the settlement is finalized in state court because

22   the release in the state court case would extinguish all of

23   Plaintiffs' claims.  Accordingly, Defendants argue, allowing the

24   case to proceed in this Court would be duplicative and a waste of

25   judicial and party resources.  Plaintiffs counter that staying

26   their Exchange Act claims would be an improper abdication of this

27   Court's exclusive jurisdiction over such claims.  See 15 U.S.C.

28

                                    4

§ 78aa ("The district courts of the United States and the United States courts of any Territory of other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder . . .").

Plaintiffs cite <u>Silberkleit v. Kantrowitz</u>, in which a district court had stayed a "federal action involving two claims within exclusive federal jurisdiction . . . based on grounds of 'wise judicial administration.'"  713 F.2d 433 (9th Cir. 1983). The Ninth Circuit reversed the stay, noting that the "'wise judicial administration' exception to the exercise of jurisdiction is invoked only 'when both the federal and state courts have concurrent jurisdiction over particular claims.'"  <u>Id.</u> (quoting <u>Turf Paradise, Inc. v. Arizona Downs</u>, 670 F.2d 813, 820-21 (9th Cir. 1982)).  The <u>Silberkleit</u> court concluded that "a district court has no discretion to stay proceedings involving claims within exclusive federal jurisdiction."  <u>Id.</u>

Defendants argue that <u>Silberkleit</u> concerns abstention rather than a temporary stay.  Moreover, Defendants argue that they only seek a stay until the state court acts, at which point the stay will be automatically lifted.  Nonetheless, as the parties agree, Plaintiffs' claims will be extinguished if the state court grants final approval of the state court action and Plaintiffs do not opt

5

out.[1]  If Plaintiffs do opt out of the state court case, there is no reason to stay their individual claims in this Court.

The Court declines to exercise its discretion to stay this case.  Defendants' motion to stay is DENIED.  However, to manage this case in the most efficient manner possible, the Court sets the following deadlines.  If either or both Plaintiffs opt out of the state court action, Defendants' response to the 2AC will be due within two weeks of the date the opt-out form is received by Defendants.  If neither Plaintiff opts out and the settlement is not finally approved by the state court, Defendants' response to the 2AC shall be due within two weeks of the date of the state court's order rejecting the settlement.  If neither Plaintiff opts out and the settlement is finally approved by the state court, the parties shall file a stipulated order of dismissal within one week of the date of the final approval.

II.  Cross-Motion to Enjoin the State Court Proceedings

Plaintiffs have filed a cross-motion to enjoin the state court settlement to the extent that it would release or extinguish the state class members' Exchange Act claims.  Plaintiffs cite various cases in support of their argument that the Anti-Injunction Act, 28 U.S.C. § 2283, would not prohibit such an

---

[1] In their motion to stay, Defendants state that if the settlement "is finally approved, the Federal Plaintiffs may opt out of the State Action settlement and individually pursue litigation in this forum."  However, the exhibit Defendants cite in support of this statement clearly states that any request for exclusion from the class must be received at least thirty days prior to the final approval hearing.  Moreno Dec. Ex. 2 at ¶ 12. Contrary to Defendants' statement, Plaintiffs cannot opt out after the settlement is finally approved.

United States District Court
For the Northern District of California

1 injunction, and that the All Writs Act, 28 U.S.C. § 1651(a),

2 provides the Court with authority to issue such an injunction.

3 However, to the extent the Court has the authority to issue such

4 an injunction, it declines to do so.  Plaintiffs have not even

5 moved to certify the class in this case.  Accordingly, any request

6 for this Court to act can only be made in their individual

7 capacities.  If Plaintiffs wish to pursue their Exchange Act

8 claims, they may opt out of the state court settlement and pursue

9 their individual claims in this Court.

10     The fact that Plaintiff Primo has been appointed Lead

11 Plaintiff in this action does not change the analysis.  Plaintiffs

12 assert that allowing the state court settlement to go forward will

13 interfere with Lead Plaintiff's "fiduciary duty to monitor, manage

14 and control the litigation."  In re Terayon Comm'ns Sys., Sec.

15 Litig., 2004 U.S. Dist. LEXIS 3131, at *17 (N.D. Cal.) (internal

16 quotation omitted).

17     Plaintiffs cite In re BankAmerica Corp. Securities

18 Litigation, a case in which a court in the Eastern District of

19 Missouri enjoined state court proceedings.  95 F. Supp. 2d 1044

20 (E.D. Mo. 2000).  However, as Defendants point out, BankAmerica is

21 distinguishable from this case on multiple grounds, primarily

22 because the federal class in BankAmerica had already been

23 certified and there were problems with the certification of the

24 later filed state action.  In contrast, Plaintiffs in this federal

25 action have not yet filed a motion to certify the class.  Indeed

26 Defendants intend to a file a motion to dismiss the 2AC.

27 Moreover, the state action Plaintiffs seek to enjoin in this case

28 was earlier filed, and, according to the complaints in each case,

United States District Court
For the Northern District of California

7

the named plaintiffs in the state action own significantly more shares than Plaintiffs in this case.  This is a far cry from BankAmerica where "competing state court plaintiffs, representing a significantly smaller number of shares [sought to] institute premature settlement negotiations which threaten[ed] the orderly conduct of the federal case and which could result in the release of the federal claims."  95 F. Supp. 2d at 1049.

Accordingly, the Court DENIES Plaintiffs' motion to enjoin the state court proceedings.

III. Motion to Lift the PSLRA Discovery Stay

Plaintiffs further argue that the Court should partially lift the PSLRA Discovery stay to permit "discovery as to the names and contact information of shareholders who obtained shares in the IPO."  Plaintiffs' Opposition and Cross-Motion at 16.  Plaintiffs explain that such "information will permit Plaintiffs to identify persons for contact who may wish to serve as additional plaintiffs in the Federal Action to enforce the Section 12 claims pursuant to the Securities Act." [2]

However, the PSLRA provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u-

---

[2] In its order dismissing the 1AC, the Court found that "neither named Plaintiff has standing to assert the § 12(a)(2) claim."  Docket No. 72 at 36.  It granted leave to amend only "with a new named Plaintiff who has standing to assert his claim."  Id.  In their 2AC, Plaintiffs again allege a § 12(a)(2) claim, but they have not added any new named plaintiffs.

United States District Court
For the Northern District of California

4(b)(3)(B).  "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed."  <u>Medhekar v. United States Dist. Ct.</u>, 99 F.3d 325, 328 (9th Cir. 1996).

Plaintiffs state that they "will be prejudiced without access to documents already produced to the plaintiffs in the State Action" and cite various cases in which courts have found undue prejudice when requested documents have already been produced to other entities.  Plaintiffs' Opposition and Cross-Motion at 13. However, Plaintiffs do not provide any additional information regarding the prejudice they will suffer.  Accordingly, the Court DENIES Plaintiffs' motion to lift the PSLRA discovery stay.

CONCLUSION

For the reasons set forth above, the Court DENIES Defendants' motion to stay (Docket No. 73) and DENIES Plaintiffs' motions to enjoin the state court action and to lift the PSLRA discovery stay (Docket No. 80).

IT IS SO ORDERED.

Dated: 8/20/2013

CLAUDIA WILKEN
United States District Judge